## IN THE DISTRICT COURT OF LOGAN COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CLYDE LAFFERTY, JR. and SHEILA LAFFERTY, Individually and as Parents and Next Friends of K.L. and E.L., Minor children, | |
| Plaintiffs, | |
| v. | Case No.: CJ-2017-223 |
| JESSICA BUTLER, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | |
| Defendants. | |

### SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FOURTH INTERROGATORIES AND FIFTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY[1]

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), for

its Supplemental Responses to Plaintiffs' Fourth Interrogatories and Fifth Requests for

Production of Documents to Defendant State Farm Mutual Automobile Insurance

Company, pursuant to the ruling of the District Court and in accordance with those

instructions, modifications and limitations as made in Court on May 21, 2019, and pursuant

to the confidentiality and protective order in this case, states as follows:

---

[1] These Supplemental Responses also serve as State Farm's Responses to Plaintiff K.L.'s First Set of Interrogatories and Requests for Production of Documents to Defendants State Farm Mutual Automobile Insurance Company, which are substantively identical to Plaintiffs' Fourth Interrogatories and Fifth Requests for Production.

[1] **EXHIBIT 15**



EXHIBIT #   13
DATE   3-13-20
DEPONENT   Moore
PROFESSIONAL REPORTERS   (800) 376-1006

## SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FOURTH INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify the case/style caption, the Court in which the action was pending, and the name and contact information of the attorney(s) for the parties in the litigation, for each lawsuit in which you were sued and there was an allegation asserted against you regarding your policy and practice of having an adjuster simultaneously handle both a third-party claim and a first-party UM/UIM claim arising from the same accident or incident in which an Oklahoma insured was involved, from 2009 to the present.

**ANSWER:**  State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.  State Farm handles each claim according to its individual merits and unique set of circumstances, and information related to disparate claims, including contentions within lawsuit petitions arising from such claims, does not go to prove that there was any mishandling of the plaintiff's claim in this case.  State Farm also objects to this request to the extent it calls for the production of information that is attorney work product or otherwise privileged and protected such as settlement information which cannot be disclosed because it is under seal or subject to a protective order or confidentiality agreement.  State Farm additionally

objects to this request to the extent it seeks information which is a matter of public record which the plaintiff can readily access at its discretion.

**SUPPLEMENTAL ANSWER:**  In accordance with the Court's May 21, 2019 ruling, State Farm hereby identifies the following Oklahoma lawsuits where an allegation has been made against State Farm in the pleadings of record regarding a single adjuster simultaneously handling both a third-party liability claim and a first-party UM/UIM claim arising from the same accident or incident in which an Oklahoma insured was involved, from 2009 to the present, including identification of the attorneys of record.

1. ***Lestat Chandler v. Kathy King, et. al***
   CJ-2017-1708, Tulsa County
   | | |
   |---|---|
   | Pl.'s Counsel: | Ryan J. Fulda |
   | King's Counsel: | Joseph T. Acquaviva |
   | | Stephen M. Coats |
   | SFMAIC's Counsel: | John S. Gladd |
   | | Andrew G. Wakeman |

2. ***Martin Gonzalez v. State Farm Mutual Automobile Insurance Company, et. al.***
   CJ-2019-2263, Oklahoma County
   | | |
   |---|---|
   | Pl.'s Counsel: | Douglas A. Terry |
   | | Murry Parrish |
   | SFMAIC's Counsel: | Lance E. Leffel |
   | Ngalani's Counsel: | W. R. Cathcart |

3. ***Antony Kelley v. State Farm Mutual Automobile Insurance Company, et. al.***
   CJ-2017-556, Canadian County
   | | |
   |---|---|
   | Pl.'s Counsel: | James E. Dunn |
   | | Scott B. Hawkins |
   | SFMAIC's Counsel: | Joseph T. Acquaviva, Jr. |
   | | Elizabeth A. Snowden |
   | Race's Counsel: | Meredith D. Lindaman |
   | | Rachel A. Fields |

4. ***Gina Powell v. State Farm Mutual Automobile Insurance Company, et al.***
CJ-2018-852, Cleveland County
Pl.'s Counsel:          James E. Dunn
                        Scott B. Hawkins
SFMAIC's Counsel:       Joseph T. Acquaviva, Jr.
                        Zachary K. Hosel
Jandula's Counsel:      Bill Molinsky

5. ***Vicky Price v. State Farm Mutual Automobile Insurance Company, et. al***
CJ-2014-5484, Oklahoma County
Pl.'s Counsel:          Robert N. Ylla, Jr.
                        Sabre N. Weathers
SFMAIC's Counsel:       Joseph T. Acquaviva, Jr.
Hall's Counsel:         Thomas G. Ferguson, Jr.

6. ***Jared Lamb, et al. v. State Farm Mutual Automobile Insurance Company, et. al.***
CJ-2018-1588, Tulsa County
Pl.'s Counsel:          Daniel B. Graves
SFMAIC'S Counsel:       John S. Gladd
Garman's Counsel:       Jon D. Starr

7. ***Stacy Boyles v. Kaden Mendenhall, et. al.***
CJ-2017-466, Payne County
Pl.'s Counsel:          Michael P. Martin
Mendenhall's Counsel:   Thomas G. Ferguson, Jr.
SFMAIC's Counsel:       Michael W. Brewer

8. ***Cammy Cascio v. State Farm Mutual Automobile Insurance Company***
CJ-2018-2008, Oklahoma County
Pl.'s Counsel:          Rick W. Bisher
                        Riley Marie Bisher
SFMAIC's Counsel:       Joseph T. Acquaviva, Jr.
                        Brett E. Gray

**INTERROGATORY NO. 2:** Identify and fully describe when State Farm's claims handling policy and practice of having an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim arising from the same accident went into effect.

4

**ANSWER:** State Farm Objects to this request on the grounds that it is privileged, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this Request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this Request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. Notwithstanding the above objection and without waiving its objection, State Farm has provided a copy of its ACM for single claim handling of double insureds that was in effect at the time of this claim.

**SUPPLEMENTAL ANSWER:** In accordance with the Court's May 21, 2019 ruling, State Farm responds that it updated its Auto Claim Manual ("ACM") to provide for single-adjuster handling of double insured claims Company-wide, including in Oklahoma, in June of 2011, although single adjuster handling of double insured claims may have occurred in Oklahoma before that date.

**INTERROGATORY NO. 3:** Identify and fully describe what State Farm's claims handling policy and practice was prior to the implementation of the policy discussed in Interrogatory No. 2, the same being to have an adjuster simultaneously handle a third-party liability claim and a first-party UM/UIM claim for policies issued in Oklahoma and arising

from the same accident. Include in your answer whether your previous policy and practice had more than one adjuster handling such claims, and if so, identify and fully describe the name and location of the department, team, or group handling the third party liability claim and the name and location of the department, team, or group handling the first party UM/UIM claim.

**ANSWER:**   State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this Request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. Notwithstanding the above objection and without waiving its objection, State Farm has provided a copy of its ACM for single claim handling of double insureds that was in effect at the time of this claim.

**SUPPLEMENTAL ANSWER:**   In accordance with the Court's May 21, 2019 ruling, State Farm refers plaintiffs to the attached ACM article Bates stamped No. LAFFERTY_36-800S-695_SF05454 - LAFFERTY_36-800S-695_SF05456, which was used as a resource for claims handling prior to the 2011 ACM update.

**INTERROGATORY NO. 4:** Identify and fully describe the decision-making process involved in deciding to implement the policy and practice of having an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim under Oklahoma policies arising from the same accident. This Interrogatory is seeking a description of how you came to the decision to implement the single adjuster policy and practice. For example, any research, studies, reports, legal or business consultant opinions, financial reviews/analyses, statistical analyses, data reduction, sampling techniques, surveys, focus groups, etc.

**ANSWER:** State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. State Farm further objects to this request on grounds it is vague, overly broad in that it is unrestricted in time as well as in geographic scope, and accordingly, burdensome, and because it seeks information far beyond that pertaining to the plaintiff's claim for bodily injury liability coverage benefits and underinsured motorist/uninsured motorist coverage benefits and is not proportional to the

needs of this case. State Farm further objects to this request to the extent it seeks the disclosure of information and documents which are attorney work product or protected by the attorney-client privilege or material authored and/or copyrighted by entities which are not parties to this action of which it does not possess records and is not at liberty to produce. State Farm objects that a literal response to a request to "..fully describe the decision-making process involved in deciding to implement a policy…" is not only unduly burdensome but impossible to which to respond.

**SUPPLEMENTAL ANSWER:** In accordance with the Court's May 21, 2019 ruling, State Farm responds that in 2010 State Farm's P&C Claims Auto Injury Subcommittee began reviewing State Farm's published guidance on double insured claims and split-file handling, specifically State Farm's then existing ACM article concerning double insured claims. The Subcommittee solicited input from the Section Managers in each zone, as well as from zone claim counsel, regarding (1) whether there was any legal requirement in the Section Manager's jurisdiction for split handling double insured claims or losses with multiple claims against one policy, and (2) whether there were any claim scenarios in the jurisdiction that the Section Manager thought should be split handled even if there was no legal requirement for split handling. The Subcommittee also consulted with State Farm's Corporate Law Auto Claim Counsel regarding the changes to the ACM double insured article that were under consideration. The Subcommittee created a working group that recommended specific revisions to the double insured ACM article, which were reviewed and discussed by the Subcommittee. The Subcommittee published the final, updated ACM article in June of 2011. For further response, State Farm refers Plaintiffs to

the following confidential and protected documents attached as Bates stamped Nos. LAFFERTY_36-800S_SF05098 - LAFFERTY_36-800S_SF05453.

**INTERROGATORY NO. 5:** With respect to the decision-making process described in Interrogatory No. 4, fully describe why State Farm implemented its claims handling policy and practice of having an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim for policies issued in Oklahoma and arising from the same accident.

**ANSWER:** State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. State Farm further objects to this request on grounds it is vague, overly broad in that it is unrestricted in time as well as in geographic scope, and accordingly, burdensome, and because it seeks information far beyond that pertaining to the plaintiff's claim for bodily injury liability coverage benefits and underinsured motorist/uninsured motorist coverage benefits and is not proportional to the

needs of this case. State Farm further objects to this request to the extent it seeks the disclosure of information and documents which are attorney work product or protected by the attorney-client privilege or material authored and/or copyrighted by entities which are not parties to this action of which it does not possess records and is not at liberty to produce. State Farm objects that a literal response to a request to "..fully describe the decision-making process involved in deciding to implement a policy..." is not only unduly burdensome but impossible to which to respond.

**SUPPLEMENTAL ANSWER:**  In accordance with the Court's May 21, 2019 ruling, State Farm responds that it updated its ACM article concerning double insured claims in June of 2011 in order to improve customer service, reduce duplication of effort, and increase efficiencies and consistency in claim handling.  For further response, State Farm refers Plaintiffs to the following confidential and protected documents attached as Bates Nos. LAFFERTY_36-800S-695_SF05098 - LAFFERTY_36-800S-695_SF05453.

**INTERROGATORY NO. 6:** Identify each person and/or entity who was responsible for making the decision to implement the policy and practice to have an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim for policies issued in Oklahoma and arising from the same accident. This Interrogatory is seeking the identity of those individuals and/or entities that had the power/authority to make the decision or influence the decision.

**ANSWER:**  State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably

calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. State Farm further objects to this request on grounds it is vague, overly broad in that it is unrestricted in time as well as in geographic scope, and accordingly, burdensome, and because it seeks information far beyond that pertaining to the plaintiff's claim for bodily injury liability coverage benefits and underinsured motorist/uninsured motorist coverage benefits and is not proportional to the needs of this case. State Farm further objects to this request to the extent it seeks the disclosure of information and documents which are attorney work product or protected by the attorney-client privilege or material authored and/or copyrighted by entities which are not parties to this action of which it does not possess records and is not at liberty to produce. State Farm objects that a literal response to a request to "..fully describe the decision-making process involved in deciding to implement a policy..." is not only unduly burdensome but impossible to which to respond.

**SUPPLEMENTAL ANSWER:** In accordance with the Court's May 21, 2019 ruling, State Farm responds that its P&C Claims Auto Injury Subcommittee reviewed and discussed the revisions to the ACM article concerning double insured claims that were

recommended by the Subcommittee's working group, and approved the updated ACM article, which was published in June of 2011. For further response, State Farm refers Plaintiffs to the following confidential and protected documents attached as Bates stamped Nos. LAFFERTY_36-800S-695_SF05098 - LAFFERTY_36-800S-695_SF05453.

**INTERROGATORY NO. 7:** Identify and fully describe the specific training provided to claims employees related to simultaneously handling a third-party liability claim and a first-party UM/UIM claim for policies issued in Oklahoma and arising from the same accident, as well as how you train those claims employees about the respective duties owed to the insured involved in the third-party claim and the insured making a UM/UIM claim. Your answer should identify any and all documents, courses, manuals, videos, resources, etc. that are used or relied upon for the training.

**ANSWER:** State Farm Objects to this request on the grounds that it is privileged, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. State Farm further objects to this request on grounds it is vague, overly broad in

that it is unrestricted in time as well as in geographic scope, and accordingly, burdensome, and because it seeks information far 'beyond that pertaining to the plaintiff's claim for bodily injury liability coverage benefits and underinsured motorist/uninsured motorist coverage benefits and is not proportional to the needs of this case. State Farm further objects to this request to the extent it seeks the disclosure of information and documents which are attorney work product or protected by the attorney-client privilege or material authored and/or copyrighted by entities which are not parties to this action of which it does not possess records and is not at liberty to produce. State Farm objects that a literal response to a request "..to identify and fully describe the specific training…" is not only unduly burdensome but impossible to which to respond. It avers that Plaintiff's requests are unrealistic and not proportional to the needs of this case, especially in light of the documents produced in response to Plaintiff's Request For Production No. 5.

**SUPPLEMENTAL ANSWER:** In accordance with the Court's May 21, 2019 ruling, State Farm identifies the ACM articles previously produced as Bates stamped Nos. LAFCL00003385 - LAFCL00003386 and LAFCL00003387 - LAFCL00003388 as resources available to its claims employees, including employees who handle claims by Oklahoma insureds.

**INTERROGATORY NO. 8:** Identify and fully describe your policy and practice for splitting medical payment claims, third-party liability claims, and UM/UIM claims. Your answer should identify any and all documents (such as company guidelines, memos, or manuals) that describe or discuss this policy and practice.

**ANSWER:**  State Farm objects to this request on grounds it is vague, overly broad in that it is unrestricted in time as well as in geographic scope, and accordingly, burdensome, and because it seeks information far beyond that pertaining to the plaintiff's claim for bodily injury liability coverage benefits and underinsured motorist/uninsured motorist coverage benefits and is not proportional to the needs of this case.  State Farm further objects to this request to the extent it seeks the disclosure of information and documents which are attorney work product or protected by the attorney-client privilege or material authored and/or copyrighted by entities which are not parties to this action of which it does not possess records and is not at liberty to produce. State Farm objects that a literal response to a request "..to identify and fully describe your policy and practice…" is not only unduly burdensome but impossible to which to respond. It avers that Plaintiff's requests are unrealistic and not proportional to the needs of this case, especially in light of the documents produced in response to Plaintiff's Request For Production No. 5.

**SUPPLEMENTAL ANSWER:**  In accordance with the Court's May 21, 2019 ruling, State Farm responds that State Farm does not have a practice of splitting medical payment claims, third-party liability claims, and UM/UIM claims as those terms appear to be used by Plaintiffs in this Interrogatory, and refers plaintiffs to the confidential and protected June 2015 ACM article previously produced as Bates stamped Nos. LAFCL00003385 - LAFCL00003386.

**INTERROGATORY NO. 9:** Identify the number of bodily injury claims paid under policies issued in Oklahoma, as well as the aggregate amount paid, from the five (5)

14

years prior to the implementation of your policy and practice to have an adjuster simultaneously handle a third-party liability claim and a first-party UM/UIM claim arising from the same accident, through the present.

**ANSWER:** State Farm Objects to this request on the grounds that it is privileged, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Moreover, the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, State Farm responds that each claim is handled on its own individual merits.

**SUPPLEMENTAL ANSWER:** In accordance with the Court's May 21, 2019 ruling, State Farm responds that, due to the limitations of its electronic claims records, it is only able to retrieve the information requested by this Interrogatory going back to June of 2010. For the period from June of 2010 through May 21, 2019, State Farm paid a total of 66,168 bodily injury claims under policies issued in Oklahoma, for a total amount paid of $1,470,168,446.58.

**INTERROGATORY NO. 10:** Of the number of bodily injury claims identified and referenced in Interrogatory No. 9, identify the number of which were UM/UIM claims paid under policies issued in Oklahoma, as well as the aggregate amount paid on said

UM/UIM claims, from the five (5) years prior to the implementation of your policy and practice to have an adjuster simultaneously handle a third-party liability claim and a first-party UM/UIM claim arising from the same accident, through the present.

**ANSWER:**  State Farm objects to this interrogatory request as it exceeds the thirty number limit outlined by 12 OK Stat § 12-3233 (2016) .

*See Continental Wire & Cloth, LLC v. Derrick Corp.*, No. 09-CV-474-GKF-PJC, 2012 WL 12887714 *1 (N.D. Okla. July 16, 2012). *Continental Wire & Cloth, LLC v. Derrick Corp.*, No. 09-CV-474-GKF-PJC, 2012 WL 12887714 (N.D. Okla. July 16, 2012) *Billings v. Conseco Health Ins. Co.*, No. CIV-10-372-M, 2011 WL 6152029 (W.D. Okla. Dec. 12, 2011)

Defendant further objects this request on the grounds that it is privileged, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Moreover, the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, State Farm responds that each claim is handled on its own individual merits.

**SUPPLEMENTAL ANSWER:**  In accordance with the Court's May 21, 2019 ruling, State Farm responds that, due to the limitations of its electronic claims records, it is

only able to retrieve the information requested by this Interrogatory going back to June of 2010. Of the bodily injury claims identified in State Farm's Response to Interrogatory No. 9, 8,209 were UM/UIM claims paid under policies issued in Oklahoma, and the aggregate amount paid on those claims was $184,027,232.18.

**INTERROGATORY NO. 11:** Identify the number of claims in which an adjuster simultaneously handled both a third-party liability claim and a first-party UM/UIM claim under policies issued in Oklahoma and arising from the same accident. For purposes of this Interrogatory, your answer can be limited to those claims from five (5) years prior to the implementation of your policy and practice of having an adjuster simultaneously handle both a third-party liability claim and a UM/UIM claim arising from the same accident, through the present.

**ANSWER:** State Farm objects to this interrogatory request as it exceeds the thirty number limit outlined by 12 OK Stat § 12-3233 (2016) .

*See Continental Wire & Cloth, LLC v. Derrick Corp.*, No. 09-CV-474-GKF-PJC, 2012 WL 12887714 *1 (N.D. Okla. July 16, 2012). *Continental Wire & Cloth, LLC v. Derrick Corp.*, No. 09-CV-474-GKF-PJC, 2012 WL 12887714 (N.D. Okla. July 16, 2012) *Billings v. Conseco Health Ins. Co.*, No. CIV-10-372-M, 2011 WL 6152029 (W.D. Okla. Dec. 12, 2011).

Defendant further objects this request on the grounds that it is privileged, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Moreover, the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, State Farm responds that each claim is handled on its own individual merits.

**SUPPLEMENTAL ANSWER:** In accordance with the Court's May 21, 2019 ruling, State Farm responds that it is not able to provide the information requested by this Interrogatory because its electronic claim records to not include data regarding simultaneous handing by a single adjuster of both a third-party liability claim and a first-party UM/UIM claim arising from the same accident for the timeframe identified in this Interrogatory.

**SUPPLEMENTAL RESPONSES TO FIFTH REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce copies of any deposition testimony given by Deb Williams, Logan McKenzie, Jason Moore, Karla Petek, Ingrid Sadler, Monique James, and Raquel Laing in any lawsuit in which any of them provided testimony in a case challenging State Farm's claims handling process of having an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim arising from the same accident or incident in which an Oklahoma insured was involved from 2014 to the present. If you withhold any responsive documents on the basis of privilege, please provide an appropriate privilege log.

**RESPONSE**: State Farm objects to this request as it is not relevant, nor is it proportional to the needs of the case State Farm objects to this request on grounds it is overly broad in scope and time and because it seeks information which is not relevant or material to the matters at issue in this case. Its adjusters handle each claim according to its individual merits and unique set of circumstances and testimony pertaining to prior, disparate claims will neither prove nor disprove that there was any mishandling of the plaintiff's claims in this matter. State Farm additionally objects to this request to the extent it calls for the production of information, which is privileged and protected, and which cannot be disclosed because it is under seal and/or subject to a protective order or confidentiality agreement.

**SUPPLEMENTAL RESPONSE:**  None that State Farm or any of the named persons is aware of.

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of any and all documents and/or correspondence relating to any coverage or legal opinions obtained by you or on your behalf or which were prepared by you, related to your policy and practice of having an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim under policies issued in Oklahoma and arising from the same accident, the legality of said practice in Oklahoma, and the impact (if any) on the potential conflict of interest associated with said policy, from 2009 to the present. For purposes of this Request, this includes any such documents and/or correspondence to and from in-house

counsel, staff counsel, panel counsel, coverage counsel, litigation counsel, and/or counsel outside the state of Oklahoma.

**RESPONSE**: State Farm Objects to this request on the grounds that it is privileged, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's May 21, 2019 ruling, State Farm will produce documents in its possession, custody or control relating to legal analysis or opinions concerning the simultaneously handling of both a third-party liability claim and a first-party UM/UIM claim under Oklahoma law in connection with the June 2011 update of State Farm's ACM article on the double insured claims. Other than that communication, any legal or coverage opinions as described by this request were done for litigation purposes and in accordance with this court's order Defendant's claim of privilege has been sustained.

**REQUEST FOR PRODUCTION NO. 3:** Produce copies of any and all documents

and communications regarding what your policy and practice was for handling a third-party liability claim and a first-party UM/UIM claim under policies issued in Oklahoma and arising from the same accident *prior to* implementing the policy of having an adjuster simultaneously handle both a third-party liability claim and a first-party UM/UIM claim arising from the same accident. For purposes of this Request, this includes any claims handling manuals or guidelines — whether electronic, computerized, or otherwise.

**RESPONSE**: State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this Request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. Notwithstanding the above objection and without waiving its objection, State Farm has provided a copy of its ACM for single claim handling of double insureds that was in effect at the time of this claim.

**SUPPLEMENTAL RESPONSE:**   In accordance with the Court's May 21, 2019 ruling, State Farm has produced the ACM article concerning double insured claims that is referenced in its Supplemental Response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:** Produce copies of any documents created, reviewed, and/or relied upon by you in making the decision to implement your policy and practice of having an adjuster simultaneously handle a third-party liability claim and a first-party UM/UIM claim under policies issued in Oklahoma and arising from the same accident. Your answer should include any research, studies, reports, legal or business consultant opinions, financial reviews/analyses, statistical analyses, data reduction, sampling techniques, surveys, focus groups, etc. — whether including any such documents identified or referenced in your response to Interrogatory No. 4.

**RESPONSE**: State Farm Objects to this request on the grounds that it seeks privileged information, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, as State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. State Farm further objects to this request on grounds it is vague, overly broad in that it is unrestricted in time as well as in geographic scope, and accordingly, burdensome, and because it seeks information far beyond that pertaining to the plaintiff's claim for bodily injury liability coverage benefits and underinsured motorist/uninsured motorist coverage benefits and is not proportional to the

needs of this case. State Farm further objects to this request to the extent it seeks the disclosure of information and documents which are attorney work product or protected by the attorney-client privilege or material authored and/or copyrighted by entities which are not parties to this action of which it does not possess records and is not at liberty to produce. State Farm objects that a literal response to a request to "..fully describe the decision-making process involved in deciding to implement a policy…" is not only unduly burdensome but impossible to which to respond. Defendant also refers Plaintiff to Defendant's answer to Interrogatory No. 19 of Plaintiffs' Third Interrogatories to Defendant State Farm.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's May 21, 2019 ruling, State Farm has produced the documents identified in its Supplemental Responses to Interrogatory Nos. 4 and 5.

**REQUEST FOR PRODUCTION NO. 5:** Produce copies of any and all training manuals, reference materials, claims handling manuals or guidelines — whether electronic, computerized, or otherwise — and other documents, including but not limited to, seminar materials, electronic memorandums, letters and intercompany documents, which were used, relied upon, and/or provided to your employees regarding splitting third-party liability claims, first-party UM/UIM claims, and Med-Pay claims, from 2009 to the present.

**RESPONSE:** State Farm objects to this request as overly broad in scope, time and geography, not material and not proportional to the needs of the case. Furthermore, the request is not reasonably tailored to include only those matters relevant to the adjustment

of the insurance claim made the basis of this suit.  As State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets.  Moreover, due to the overly broad nature, this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as State Farm's procedures are intended to provide guidance but each claim is handled on its own merits.

Subject to and without waiving these objections, relevant non-confidential or non-trade secret sections of the Auto Claim Manual/Standard Claim Processes/Jurisdictional References, applicable and in effect during the relevant timeframe for handling of the underlying claim are attached.  State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm will produce its Claim File (Bates numbers 47 to 2767) in reasonably usable format as it does in the ordinary course of business pursuant to its Auto Claim Manual.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

Further, State Farm objects to this request as overly broad in scope, time and geography, not material and not proportional to the needs of the case. Furthermore, the

24

request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  As State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets.  Moreover, due to the overly broad nature, this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as State Farm's procedures are intended to provide guidance but each claim is handled on its own merits.

Further, State Farm objects to this request as it is not relevant, nor is it proportional to the needs of the case. State Farm additionally objects to this request as it encompasses documents which are confidential, proprietary and/or contain trade secrets; documents containing attorney work product and/or which are protected by the attorney-client privilege; documents authored and/or copyrighted by entities which are not parties to this litigation which it is not at liberty to produce. State Farm further objects to the form for producing of the electronically stored information. If any materials exist as ESI, State Farm will produce the records in a reasonably a usable form or forms. Without waiving and subject to its objections, State Farm directs Plaintiffs to the produced ACM on double insureds.

**SUPPLEMENTAL RESPONSE:**  In accordance with the Court's May 21, 2019 ruling, State Farm has produced ACM articles concerning double insured claims in effect for the period from 2009 to the present.

**REQUEST FOR PRODUCTION NO. 6:** Produce copies of any and all training

manuals, reference materials, claims handling manuals or guidelines — whether electronic, computerized, or otherwise — and other documents, including but not limited to, seminar materials, electronic memorandums, letters and intercompany documents, which were used, relied upon, and/or provided to your employees regarding an adjuster simultaneously handling a third-party liability claim and a first-party UM/UIM claim for policies issued in Oklahoma and arising from the same accident, the respective duties owed to the insured involved in the third-party claim and the insured making the UM/UIM claim, any potential conflicts of interest, and how such should be resolved. For purposes of this Request, this includes any such documents from 2009 to the present.

**RESPONSE**: State Farm objects to this request as overly broad in scope, time and geography, not material and not proportional to the needs of the case. Furthermore, the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. As State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Moreover, due to the overly broad nature, this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.

Subject to and without waiving these objections, relevant non-confidential or non-trade secret sections of the Auto Claim Manual/Standard Claim Processes/Jurisdictional References, applicable and in effect during the relevant timeframe for handling of the underlying claim are attached. State Farm will produce the relevant confidential and/or

trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm will produce its Claim File (Bates numbers 47 to 2767) in reasonably usable format as it does in the ordinary course of business pursuant to its Auto Claim Manual. State Farm is withholding information protected by the attorney client privilege and/or that is work product. State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

Further, State Farm objects to this request as overly broad in scope, time and geography, not material and not proportional to the needs of the case. Furthermore, the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. As State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Moreover, due to the overly broad nature, this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.

Further, State Farm objects to this request as it is not relevant, nor is it proportional to the needs of the case. State Farm additionally objects to this request as it encompasses documents which are confidential, proprietary and/or contain trade secrets; documents

containing attorney work product and/or which are protected by the attorney-client privilege; documents authored and/or copyrighted by entities which are not parties to this litigation which it is not at liberty to produce. State Farm further objects to the form for producing of the electronically stored information. If any materials exist as ESI, State Farm will produce the records in a reasonably a usable form or forms. Without waiving and subject to its objections, State Farm directs Plaintiffs to the produced ACM on double insureds.

**SUPPLEMENTAL RESPONSE:**  In accordance with the Court's May 21, 2019 ruling, State Farm has produced the documents identified in its Supplemental Response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 7:** Produce copies of any and all documents relied upon in formulating your answers to the above Interrogatories or identified in your answer to any of the above Interrogatories. Your answer should also indicate which Interrogatory such documents are related to.

**RESPONSE**: Please refer to each specific answer to Interrogatories and objections listed therein, including but not limited to the objections to Requests for Production. Otherwise, this request is so general and nonspecific that it cannot be otherwise answered.

**SUPPLEMENTAL RESPONSE:** See prior supplemental responses and produced documents.

Respectfully submitted,

**MICHAEL W. BREWER, OBA # 11769**
**HILTGEN & BREWER, P.C.**
9505 North Kelley Avenue
Oklahoma City, OK 73131
Telephone: (405) 605-9000
Facsimile: (405) 605-9010
**ATTORNEY FOR DEFENDANT**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing was sent via email and U.S. Mail requested, this 12th day of July 2019 to the following counsel of record:

Simone Gosnell Fulmer
Harrison C. Lujan
Jacob L. Rowe
Andrea R. Rust
FULMER SILL PLLC
P.O. Box 2448
Oklahoma City, OK 73103
Telephone: (405) 510-0077
Facsimile: (800) 978-1345

and

Patrick Collogan
MARTIN JEAN & JACKSON
P.O. Drawer 2403
Ponca City, OK 74602
Telephone: (580) 765-9967
Facsimile: (580) 765-5433

**ATTORNEYS FOR PLAINTIFF**

Eric Begin
STARR, BEGIN & KING, PLLC
1515 South Boulder Avenue
Tulsa, OK 74119
Telephone: (918) 872-0372
Facsimile (918) 872-0381
**ATTOREY FOR DEFENDANT
JESSICA BUTLER**

_____
Michael W. Brewer

**VERIFICATION**

STATE OF OKLAHOMA )
                          ) ss:
COUNTY OF TULSA )

The undersigned, after first being duly sworn, deposes and states: I, Jason Moore, have read the foregoing Defendant's Supplemental Responses to Plaintiff's Fourth Interrogatories and to the best of my knowledge, information and belief; the Responses are true and correct.



Jason Moore

Subscribed and sworn to before me this 11 day of July 2019.

Carol Tackett
Notary Public

My Commission Expires: 8/10/19
Commission No.: 99013200

(SEAL)

CAROL TACKETT
Notary Public in and for
STATE OF OKLAHOMA
Commission #99013200
Expires: August 10, 2019