

## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Mutual Automobile Insurance Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 363 2619-A15-36 including any endorsements, if applicable, for the policy term(s) 07/15/2015 to 01/15/2016 and insuring MASON, LYNNETTE based on available records.

The following endorsements are included:
6128AP effective 01/15/2016

It is State Farm's business practice to print a new Declarations Page only when a policy issuance transaction such as a change of coverage occurs. Therefore, the included Declarations Page which was in effect at the time of loss will indicate the policy period of the last policy issuance transaction.

The policy was in effect on the loss date of 11/04/2015.

Jessica Bass
Underwriter
Date: 11/23/2020

**EXHIBIT 25**

1004516

2000  143551  200  03-21-2012

SF-00803

**State Farm Mutual Automobile Insurance Company**

*12222 State Farm Boulevard*
*Tulsa OK  74146*

93833-2-A          MUTL   VOL

| **DECLARATIONS PAGE** |
|---|

NAMED INSURED
AT2                                    36-1519-2  A     A
        000336   0058
MASON, LYNNETTE
4115 SMITH DR
SPENCER OK  73084-8929



ST-27C
0101-2822

|..||.|.|....|..|.|..|.|.|.|.|.||..||.|...|||.|.|

POLICY NUMBER   363 2619-A15-36

POLICY PERIOD APR 16 2015 to JUL 15 2015
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1134912626

AGENT
JIMMY HILLIS
600 S SOONER RD
MIDWEST CITY, OK 73110-2244

PHONE: (405)732-4455  or  (405)732-4458

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

### YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2004 | MITSUBISHI | ECLIPSE | 2DR | 4A3AC34G74E043373 | 1000601000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | $133.02 |
| | Bodily Injury Limits | |
| | Each Person,  Each Accident | |
| | $50,000       $100,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $50,000 | |
| C | Medical Payments Coverage | $26.76 |
| | Limit - Each Person | |
| | $5,000 | |
| D | Comprehensive Coverage - $500 Deductible | $54.16 |
| G | Collision Coverage - $500 Deductible | $85.43 |
| U | Uninsured Motor Vehicle Coverage | $28.05 |
| | Bodily Injury Limits | |
| | Each Person,  Each Accident | |
| | $25,000       $50,000 | |

| **Total premium for APR 16 2015 to JUL 15 2015.** | **$327.42** | This is not a bill. |
|---|---|---|

### IMPORTANT MESSAGES

*Note: For your protection, the law of your state requires the following to appear on this form:* **WARNING:** Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

Replaced policy number 2372112-43 001.

New Policy Form

**Your total renewal premium for JAN 15 2015 to JUL 15 2015 is $662.77.**

**If this policy provides Medical Payments Coverage, the most that is payable for funeral expenses incurred by any one insured, subject to the limit of the coverage, is $3,000.  Please read the Limit section of Medical Payments Coverage.**

State Farm works hard to provide you the best combination of price, service, and protection.   The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

### EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9836A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
6936A.1   AMENDATORY ENDORSEMENT.

Agent:      JIMMY HILLIS

Telephone: (405)732-4455

Prepared   APR 23 2015      1519-AD4

SF-00804

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary                           President

B10

SF-00805

## 6128AP AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   *Newly Acquired Car* is changed to read:

   *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.

   A *car* ceases to be a *newly acquired car* on the earlier of:

   1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

   2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.

   If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

2. **LIABILITY COVERAGE**

   a. **Additional Definitions**

   Item 4. of *Insured* is changed to read:

   *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:

   a. neither *owned by*, nor hired by, that other *person* or organization; and

   b. neither available for, nor being used for, carrying *persons* for a charge.

   b. **Exclusions**

   Exclusion 7. is changed to read:

   THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS:

   a. MADE AVAILABLE; OR

   b. BEING USED

   TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

3. **MEDICAL PAYMENTS COVERAGE**

   **Exclusions**

   Exclusion 4. is changed to read:

   THERE IS NO COVERAGE FOR AN *INSURED* WHO IS *OCCUPYING* A VEHICLE WHILE IT IS:

   a. MADE AVAILABLE; OR

   b. BEING USED

   TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to:

   a. the use of a *private passenger car* on a share-the-expense basis; or

   b. an *insured* while *occupying* a *non-owned car* as a *passenger*;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

SF-00806

4. **UNINSURED MOTOR VEHICLE COVERAGE**

**If Other Uninsured Motor Vehicle Coverage Applies** is changed to read:

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury*, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies*

      also applies as primary coverage for the same accident,

      then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

      then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

Page 2 of 6                                             6128AP

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

SF-00807

(1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then **we** will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm**

**Companies** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

5. **PHYSICAL DAMAGE COVERAGES**

a. The paragraph that reads:

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

is changed to read:

**Deductible**

1. If "D" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to Comprehensive Coverage, if any, is the dollar amount shown on the Declarations Page next to the title of this coverage. However, **we** will not deduct more than $500 for any **loss** to a **newly acquired car**.

2. If "G" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to Collision Coverage is the dollar amount shown on the Declarations Page next to the title of this coverage. However, **we** will not deduct more than $500 for any **loss caused by collision** to a **newly acquired car**.

b. Item 4.a. of **Insuring Agreements** is changed to read:

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

Page 3 of 6

6128AP

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

SF-00808

*We* will pay the **daily rent-al charge** incurred when an **insured** rents a **car** from a **car business** while **your car** or a **newly acquired car** is:

(1) not drivable; or

(2) being repaired

as a result of a **loss** which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay this **daily rent-al charge** incurred during a period that:

(1) starts on the date:

    (a) the vehicle is not drivable as a result of the **loss**; or

    (b) the vehicle is left at a repair facility if the vehicle is driv-able; and

(2) ends on the earliest of:

    (a) the date the vehicle has been repaired or replaced;

    (b) the date **we** offer to pay for the **loss** if the vehicle is re-pairable but **you** choose to delay re-pairs; or

    (c) seven days after **we** offer to pay for the **loss** if the vehicle is:

        (i) a total loss as determined by **us**; or

        (ii) stolen and not recovered.

The amount of any such **daily rental charge** in-curred by an **insured** must be reported to **us** before **we** will pay such amount.

c. **Exclusions**

Exclusion 3. is changed to read:

THERE IS NO COVERAGE FOR ANY **COVERED VEHICLE** WHILE IT IS:

a. MADE AVAILABLE; OR

b. BEING USED

TO CARRY **PERSONS** FOR A CHARGE. This exclusion does not apply to the use of a **private pas-senger car** on a share-the-expense basis;

6. **INSURED'S DUTIES**

a. Item 6.a.(3) is changed to read:

A **person** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismember-ment and Loss of Sight Cover-age, or Loss of Earnings Coverage must:

    (3) provide written authoriza-tion for **us** to obtain medi-cal bills, medical records, wage information, salary information, employment information, and any other information **we** deem nec-essary to substantiate the claim.

Such authorizations must not:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

SF-00809

(a) restrict **us** from performing **our** business functions in:

  (i) obtaining records, bills, information, and data; nor

  (ii) using or retaining records, bills, information, and data collected or received by **us**;

(b) require **us** to violate federal or state laws or regulations;

(c) prevent **us** from fulfilling **our** data reporting and data retention obligations to insurance regulators; or

(d) prevent **us** from disclosing claim information and data:

  (i) to enable performance of **our** business functions;

  (ii) to meet **our** reporting obligations to insurance regulators;

  (iii) to meet **our** reporting obligations to insurance data consolidators; and

  (iv) as otherwise permitted by law.

If an injured **insured** is a minor, unable to act, or dead, then his or her legal representative must provide **us** with the written authorization.

If the holder of the information refuses to provide it to **us** despite the authorization, then at **our** request the **person** making claim or his or her legal representative must obtain the information and promptly provide it to **us**;

b.  The following is added to item 6.:

A **person** making claim under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must submit to **us** all information **we** need to comply with federal and state laws and regulations.

7.  **GENERAL TERMS**

a.  The following is added to **Newly Owned or Newly Leased Car**:

If a **resident relative** wants to insure a **car** newly **owned by** the **resident relative** with the **State Farm Companies** after that **car** ceases to be a **newly acquired car**, then the **resident relative** must apply to the **State Farm Companies** for a separate policy to insure the **car** newly **owned by** the **resident relative**. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

b.  The following is added to **GENERAL TERMS**:

**Electronic Delivery**

With **your** consent, **we** may electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

SF-00810

means. Proof of transmission will be sufficient proof of notice.

**Our Rights Regarding Claim Information**

a. *We* will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of *our* business functions.

b. Subject to a. above, *we* will not be restricted in or prohibited from:

   (1) collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

   (2) using any of the items described in item b.(1) above; or

   (3) retaining:

      (a) any of the items in item b.(1) above; or

      (b) any other information *we* have in *our* possession as a result of *our* processing, handling, or otherwise resolving claims submitted under this policy.

c. *We* may disclose any of the items in item b.(1) above and any of the information described in item b.(3)(b) above:

   (1) to enable performance of *our* business functions;

   (2) to meet *our* reporting obligations to insurance regulators;

   (3) to meet *our* reporting obligations to insurance data consolidators;

   (4) to meet other obligations required by law; and

   (5) as otherwise permitted by law.

d. *Our* rights under a., b., and c. above shall not be impaired by any:

   (1) authorization related to any claim submitted under this policy; or

   (2) act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

6128AP

SF-00811

## 6936A.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. The following is added to exclusion 15.b. of **Liability Coverage**, exclusion 14.b. of **Medical Payments Coverage**, exclusion 19.b. of **Physical Damage Coverages**, and exclusion 2.d.(2) of **Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**:

   This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

2. **THIS POLICY**

   The following is added:

   5. **Your** purchase of this policy may allow:

      a. **you** to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the **State Farm Companies**, subject to their applicable eligibility rules; or

      b. the premium or price for other products or services purchased by **you**, including non-insurance products or services, to vary. Such other products or services must be provided by the **State Farm Companies** or by an organization that has entered into an agreement or contract with the **State Farm Companies**. The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

3. **DEFINITIONS**

   a. **Resident Relative** is changed to read:

      **Resident Relative** means a **person**, other than **you**, who resides primarily with the first **person** shown as a named insured on the Declarations Page and who is:

      1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

      2. a ward or a foster child of that named insured, his or her spouse, or a **person** described in 1. above.

   b. **State Farm Companies** is changed to read:

      **State Farm Companies** means one or more of the following:

      1. State Farm Mutual Automobile Insurance Company;

      2. State Farm Fire and Casualty Company; and

      3. Subsidiaries or affiliates of either 1. or 2. above.

4. **LIABILITY COVERAGE**

   a. **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

Page 1 of 6                                    6936A.1
©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

SF-00812

**Insuring Agreement**

1.  *We* will pay damages an *insured* becomes legally liable to pay because of:

    a.   *bodily injury* to others; and

    b.   damage to property

    caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

2.  *We* have the right to:

    a.   investigate, negotiate, and settle any claim or lawsuit;

    b.   defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

    c.   appeal any award or legal decision

    for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1.  Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

2.  Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

    a.   that seeks damages payable under this policy's Liability Coverage; and

    b.   against which *we* defend an *insured* with attorneys chosen by *us*.

    *We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

3.  Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

    a.   before a judgment, but only the interest on the lesser of:

        (1)  that part of the damages *we* pay; or

        (2)  this policy's applicable Liability Coverage limit; and

    b.   after a judgment.

    *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4.  Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

6936A.1
©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

SF-00813

a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

(1) an arbitration;

(2) a mediation; or

(3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

b. **Exclusions**

1. The exception to exclusion 8. is changed to read:

This exclusion does not apply to:

a. ***you***;

b. any ***resident relative***; or

c. any agent, employee, or business partner of a. or b. above

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

2. The exception to exclusion 11. is changed to read:

This exclusion does not apply to damage to a:

a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

b. residence while rented to or leased to an ***insured***; or

c. private garage while rented to or leased to an ***insured***;

5. **MEDICAL PAYMENTS COVERAGE**

**Exclusions**

The exception to exclusion 5. is changed to read:

This exclusion does not apply to:

a. ***you***;

b. any ***resident relative***; or

c. any agent, employee, or business partner of a. or b. above

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

6936A.1

SF-00814

6.  **PHYSICAL DAMAGE COVERAGES**

**Insuring Agreements**

Item 1.b. is changed to read:

    1.  **Comprehensive Coverage**

        *We* will pay:

        b.  transportation expenses incurred by an *insured* as a result of the total theft of *your car* or a *newly acquired car*. These transportation expenses are payable:

            (1)  during the period that:

                (a)  starts on the date *you* report the theft to *us*; and

                (b)  ends on the earliest of:

                    (i)  the date the vehicle is returned to *your* possession in a drivable condition;

                    (ii)  the date *we* offer to pay for the *loss* if the vehicle has not yet been recovered; or

                    (iii)  the date *we* offer to pay for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

            (2)  during the period that:

                (a)  starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

                (b)  ends on the date the vehicle is repaired.

        These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

7.  **GENERAL TERMS**

    a.  The following is added to 2. **Where Coverage Applies**:

        Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage apply anywhere in the world.

    b.  The following is added:

        **Limited Coverage in Mexico**

        This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

        Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

        a.  **Liability Coverage**

            For claims brought against an *insured* in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010
6936A.1

SF-00815

*We* may, in addition to the damages described in item 1. of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at our option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to *insureds* as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an *insured* must be reported to *us* before *we* will make payment.

b. **Medical Payments Coverage**

c. **Physical Damage Coverages**

Any amount payable for the repair or replacement of the *covered vehicle* under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

*WE* HAVE NO DUTY TO PROVIDE A DEFENSE FOR *YOU* OR ANY OTHER *INSURED* IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

*WE* HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR *LOSS* HAD OCCURRED IN THE STATE OF OKLAHOMA IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

**If Other Coverage Applies**

Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

**Legal Action Against Us**

Any legal action against *us* arising out of an accident or *loss* occurring in Mexico must be brought in a court that has jurisdiction in the state of Oklahoma in the United States of America.

c. The following is added to 4. **Changes to This Policy**:

d. **Change of Policy Address**

*We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to the most recent address provided to *us* by:

1. *you*; or

2. the United States Postal Service.

d. Paragraph c. of 5. **Premium** is changed to read:

c. The premium for this policy may vary based upon:

(1) the purchase of other products or services from the **State Farm Companies**;

(2) the purchase of products or services from an organization that has entered into an agreement or contract with the **State Farm Companies**. The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

6936A.1
©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

SF-00816

(3) an agreement, concerning the insurance provided by this policy, that the ***State Farm Companies*** has with an organization of which ***you*** are a member, employee, subscriber, licensee, or franchisee.

e.  7. **Nonrenewal** is changed to read:

   7.  **Nonrenewal**

   If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.

f.  The first paragraph of b. **How and When We May Cancel** of 8. **Cancellation** is changed to read:

   ***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.  The notice will provide the date cancellation is effective.  The date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

6936A.1

SF-00817



Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

**Oklahoma**
Policy Form 9836A

SF-00818

# CONTENTS

**THIS POLICY** ......................................... 3

**DEFINITIONS** ........................................ 4

**LIABILITY COVERAGE** ........................... 5

   Additional Definition ............................... 5
   Insuring Agreement ................................. 6
   Supplementary Payments .......................... 6
   Limits ................................................. 6
   Nonduplication ...................................... 7
   Exclusions ............................................ 7
   If Other Liability Coverage Applies ............... 8
   Required Out-of-State Liability Coverage ....... 9
   Financial Responsibility Certification ............. 9
   Required Oklahoma Statement ..................... 9

**MEDICAL PAYMENTS COVERAGE** ............ 9

   Additional Definitions ............................... 9
   Insuring Agreement ................................ 10
   Determining Medical Expenses .................... 10
   Limit ................................................. 10
   Nonduplication ..................................... 10
   Exclusions ........................................... 10
   If Other Medical Payments Coverage or
   Similar Vehicle Insurance Applies ................ 11
   Our Payment Options ............................. 12

**UNINSURED MOTOR VEHICLE**
**COVERAGE** ........................................ 13

   Additional Definitions ............................. 13
   Insuring Agreement ................................ 13
   Consent to Settlement ............................. 13
   Deciding Fault and Amount ....................... 14
   Limits ............................................... 14
   Nonduplication ..................................... 14
   Exclusions ........................................... 15
   If Other Uninsured Motor Vehicle Coverage
   Applies .............................................. 15
   Our Payment Options ............................. 15

**PHYSICAL DAMAGE COVERAGES** .......... 15

   Additional Definitions ............................. 15
   Insuring Agreements ............................... 16
   Supplementary Payments – Comprehensive
   Coverage and Collision Coverage ................. 17

   Limits and Loss Settlement – Comprehensive
   Coverage and Collision Coverage ................. 18
   Limits – Car Rental and Travel Expenses
   Coverage ............................................ 19
   Nonduplication ..................................... 19
   Exclusions ........................................... 19
   If Other Physical Damage Coverage or Similar
   Coverage Applies ................................... 21
   Financed Vehicle ................................... 21
   Our Payment Options ............................. 21

**DEATH, DISMEMBERMENT AND**
**LOSS OF SIGHT COVERAGE** ................... 22

   Additional Definition .............................. 22
   Insuring Agreement ................................ 22
   Benefit .............................................. 22
   Exclusions – Death, Dismemberment and
   Loss of Sight Coverage and Loss of Earnings
   Coverage ............................................ 23
   Our Payment Options– Death, Dismemberment
   and Loss of Sight Coverage and Loss of
   Earnings Coverage ................................. 23

**LOSS OF EARNINGS COVERAGE** ............ 22

   Additional Definitions ............................. 22
   Insuring Agreement ................................ 22
   Limit ................................................ 23
   Exclusions– Death, Dismemberment and
   Loss of Sight Coverage and Loss of Earnings
   Coverage ............................................ 23
   Our Payment Options – Death, Dismemberment
   and Loss of Sight Coverage and Loss of
   Earnings Coverage ................................. 23

**INSURED'S DUTIES** ............................. 24

   Notice to Us of an Accident or Loss .............. 24
   Notice to Us of Claim or Suit ..................... 24
   Insured's Duty to Cooperate With Us ............ 24
   Questioning Under Oath ........................... 24
   Other Duties Under the Physical
   Damage Coverages ................................. 24
   Other Duties Under Medical Payments
   Coverage, Uninsured Motor Vehicle
   Coverage, Death, Dismemberment and
   Loss of Sight Coverage, and Loss of
   Earnings Coverage ................................. 24

SF-00819

**GENERAL TERMS** ......................................... 25

   When Coverage Applies ................................. 25

   Where Coverage Applies ................................. 25

   Newly Owned or Newly Leased Car .............. 25

   Changes to This Policy ................................... 26

   Premium.......................................................... 26

   Renewal .......................................................... 26

Nonrenewal ...................................................... 27

Cancellation...................................................... 27

Assignment....................................................... 27

Bankruptcy or Insolvency of the Insured ......... 27

Concealment or Fraud ...................................... 27

Our Right to Recover Our Payments............... 27

Legal Action Against Us................................... 28

Severability ...................................................... 28

## THIS POLICY

1.  This policy consists of:

    a.  the most recently issued Declarations Page;

    b.  the policy booklet version shown on that Declarations Page; and

    c.  any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2.  This policy contains all of the agreements between all named insureds and applicants and:

    a.  *us*; and

    b.  any of *our* agents.

3.  *We* agree to provide insurance according to the terms of this policy:

    a.  based on payment of premium for the coverages chosen; and

    b.  unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:

    (1)  The named insured is the sole owner of *your car*.

    (2)  Neither *you* nor any member of *your* household has, within the past three years, had:

       (a)  vehicle insurance canceled or nonrenewed by an insurer; or

       (b)  either:

          (i)  a license to drive; or

          (ii)  a vehicle registration

          suspended, revoked, or refused.

    (3)  *Your car* is used for pleasure and business.

4.  All named insureds and applicants agree by acceptance of this policy that:

    a.  the statements in 3.b. above are made by the named insured or applicant and are true; and

    b.  *we* provide this insurance on the basis those statements are true.

3
9836A

SF-00820

# DEFINITIONS

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Fungi* means any type or form of fungus or fungi and includes:

1. Mold;

2. Mildew; and

3. Any of the following that are produced or released by fungi:

   a. Mycotoxins;

   b. Spores;

   c. Scents; or

   d. Byproducts.

*Newly Acquired Car* means a *car* newly *owned by you*. A *car* ceases to be a *newly acquired car* on the earlier of:

1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you*.

If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the *newly acquired car* is delivered to *you*.

*Non-Owned Car* means a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:

1. is *owned by*:

   a. *you*;

   b. any *resident relative*;

   c. any other *person* who resides primarily in *your* household; or

   d. an employer of any *person* described in a., b., or c. above; nor

2. has been operated by, rented by, or in the possession of:

   a. *you*; or

   b. any *resident relative*

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

*Occupying* means in, on, entering, or exiting.

*Our* means the Company issuing this policy as shown on the Declarations Page.

*Owned By* means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

*Pedestrian* means a *person* who is not *occupying*:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

*Person* means a human being.

*Private Passenger Car* means:

1. a *car* of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry *persons* and their luggage; or

2. a pickup truck, van, minivan, or sport utility vehicle:

   a. that is not used for:

      (1) wholesale; or

      (2) retail

      pick up or delivery; and

   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

*Resident Relative* means a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page and who is:

SF-00821

1. related to that named insured or his or her spouse by blood, marriage, or adoption. An unmarried and unemancipated child of that named insured or his or her spouse is considered to reside primarily with that named insured while that child is away at school; or

2. a ward or a foster child of that named insured, his or her spouse, or a *person* described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company; and

3. Any of their affiliates.

***Temporary Substitute Car*** means a *car* that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. damage; or

   e. theft; and

2. neither ***you*** nor the ***person*** operating it own or have registered.

If a *car* qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:

   a. designed to be pulled by a ***private passenger car***;

   b. not designed to carry ***persons***; and

   c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page.  If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page.  ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under YOUR CAR, and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;

2. the date this policy is no longer in force; or

3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "Symbols" on the Declarations Page.

### Additional Definition

***Insured*** means:

1. ***you*** and ***resident relatives*** for:

   a. the ownership, maintenance, or use of:

      (1) ***your car***;

      (2) a ***newly acquired car***; or

      (3) a ***trailer***; and

   b. the maintenance or use of:

      (1) a ***non-owned car***; or

      (2) a ***temporary substitute car***;

2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;

5

9836A

SF-00822

3. any other *person* for his or her use of:

    a. *your car*;

    b. a *newly acquired car*;

    c. a *temporary substitute car*; or

    d. a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in items 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. *We* will pay:

    a. damages an *insured* becomes legally liable to pay because of:

        (1) *bodily injury* to others; and

        (2) damage to property

    caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

    b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

    c. court costs charged to an *insured* and resulting from that part of a lawsuit:

        (1) that seeks damages payable under this policy's Liability Coverage; and

        (2) against which *we* defend an *insured* with attorneys chosen by *us*.

    *We* have no duty to pay attorney fees and court costs incurred after *we* deposit in court or pay the amount due under this policy's Liability Coverage.

2. *We* have the right to:

    a. investigate, negotiate, and settle any claim or lawsuit;

    b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

    c. appeal any award or legal decision

    for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above,

the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the *insured* that accrues:

    a. before a judgment, where owed by law, but only on that part of the judgment *we* pay; and

    b. after a judgment. *We* will not pay interest on damages paid or payable by a party other than the *insured* or *us*.

    *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

    a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

    b. furnish or apply for any bonds; or

    c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

    a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

        (1) an arbitration;

        (2) a mediation; or

        (3) a trial of a lawsuit; and

    b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

    The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for *bodily injury* are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *person* injured in any one accident, including all damages sustained by other *persons* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will

SF-00823

pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *persons* injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most *we* will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most *we* will pay regardless of the number of:

1.  *insureds*;

2.  claims made;

3.  vehicles insured; or

4.  vehicles involved in the accident.

**Nonduplication**

*We* will not pay any damages or expenses under Liability Coverage:

1.  that have already been paid as expenses under Medical Payments Coverage of this policy to or on behalf of *persons* other than *you* and any relative of *you* who resides with *you*; or

2.  that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

1.  WHO INTENTIONALLY CAUSES *BODILY INJURY* OR DAMAGE TO PROPERTY;

2.  TO THE EXTENT THE LIMITS OF LIABILITY OF THIS POLICY EXCEED THE LIMITS OF LIABILITY REQUIRED BY THE OKLAHOMA FINANCIAL RESPONSIBILITY ACT FOR *BODILY INJURY* TO:

    a.  *YOU*;

    b.  *RESIDENT RELATIVES*; AND

    c.  ANY OTHER *PERSON* WHO BOTH RESIDES PRIMARILY WITH AN *INSURED* AND WHO:

        (1)  IS RELATED TO THAT *INSURED* BY BLOOD, MARRIAGE, OR ADOPTION; OR

        (2)  IS A WARD OR FOSTER CHILD OF THAT *INSURED*;

3.  OR FOR THAT *INSURED'S* INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;

4.  FOR *BODILY INJURY* TO THAT *INSURED'S* EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that *insured's* household employee who is neither covered, nor required to be covered, under workers' compensation insurance;

5.  FOR *BODILY INJURY* TO THAT *INSURED'S* FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to *you* and *resident relatives* who are legally liable for *bodily injury* to fellow employees;

6.  FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

7.  FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

8.  WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

    a.  *you*; or

    b.  any *resident relative*

    while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer*;

9.  WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING. This exclusion does not apply to the maintenance or use of a *private passenger car*;

11. FOR DAMAGE TO PROPERTY WHILE IT IS:

    a.  *OWNED BY*;

    b.  RENTED TO;

    c.  USED BY;

    d.  IN THE CARE OF; OR

    e.  TRANSPORTED BY

    *YOU*, A *RESIDENT RELATIVE*, OR THE *PERSON* WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while

7

9836A

SF-00824

rented to or leased to an *insured* or damage to a private garage while rented to or leased to an *insured*;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

14. WHILE USING A *TRAILER* WITH A MOTOR VEHICLE IF THAT *INSURED* IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILLCLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING; OR

16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same accident, then:

    a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it.

    The Liability Coverage also applies as primary coverage up to the limits of liability required by the Oklahoma Financial Responsibility Act

for the use of a *temporary substitute car* or a *non-owned car* that is *owned by* an authorized motor vehicle dealer and loaned without a fee or charge to *you*. This applies only while the vehicle is operated by *you* or a *resident relative* with the permission of the vehicle's owner.

a. If:

    (1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as primary coverage; and

    (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

    then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as primary coverage.

b. If:

    (1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Liability Coverage which applies to the accident as primary coverage; and

    (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

    then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in item 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in item 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

    (1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as excess coverage; and

    (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

8
9836A

SF-00825

then **we** will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b.  If:

(1)  more than one Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Liability Coverage which applies to the accident as excess coverage; and

(2)  liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable  as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in item 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1.  an **insured** is in another state, the District of Columbia, or any province of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2.  this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

**Required Oklahoma Statement**

Unless this is a certified policy issued pursuant to Section 7-324 of the Oklahoma Statutes, the following statement, required by Oklahoma law, applies:

Liability insurance is provided in this policy in accordance with coverage required by the Compulsory Insurance Law of Oklahoma.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "Symbols" on the Declarations Page.

**Additional Definitions**

*Insured* means:

1.  **you** and **resident relatives**:

a.  while **occupying**:

(1)  **your car**;

(2)  a **newly acquired car**;

(3)  a **temporary substitute car**;

(4)  a **non-owned car**; or

(5)  a **trailer** while attached to a **car** described in (1), (2), (3), or (4) above; or

b.  if struck as a **pedestrian** by a motor vehicle or any type of trailer; and

2.  any other **person** while **occupying**:

a.  **your car**;

b.  a **newly acquired car**;

c.  a **temporary substitute car**; or

d.  a **trailer** while attached to a **car** described in a., b., or c. above.

Such vehicle must be used within the scope of **your** consent.

*Medical Expenses* mean **reasonable expenses** for **medical services**.

*Medical Services* mean treatments, procedures, products, and other services that are:

1.  necessary to achieve maximum medical improvement for the **bodily injury**;

2.  rendered by a healthcare provider:

a.  who is licensed as a healthcare provider if a license is required by law; and

b.  within the legally authorized scope of that healthcare provider's practice;

3.  commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the **bodily injury**;

9

9836A

4. primarily designed to serve a medical purpose;

5. not experimental; and

6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;

2. The fee specified in any fee schedule:

   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and

   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;

3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or

4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

### Insuring Agreement

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident. ***We*** will only pay such ***medical expenses***:

   a. if any of the ***medical services*** are provided within one year immediately following the date of the accident; and

   b. for ***medical services*** provided within three years immediately following the date of the accident; and

2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

### Determining Medical Expenses

***We*** have the right to:

1. obtain and use:

   a. utilization reviews;

   b. peer reviews; and

   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;

2. use a medical examination of the ***insured*** to determine if:

   a. the ***bodily injury*** was caused by a motor vehicle accident; and

   b. the expenses incurred are ***medical expenses***; and

3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

### Limit

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;

2. claims made;

3. vehicles insured; or

4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

### Nonduplication

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage or Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or

2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

This provision does not apply to ***you*** and any relative of ***you*** who resides with ***you***.

### Exclusions

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;

2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;

3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

10
9836A

SF-00827

4. WHO IS **OCCUPYING** A VEHICLE WHILE IT IS BEING USED TO CARRY **PERSONS** FOR A CHARGE. This exclusion does not apply to:

a. the use of a **private passenger car** on a share-the-expense basis; or

b. an **insured** while **occupying** a **non-owned car** as a passenger;

5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT **INSURED'S** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A **CAR BUSINESS**. This exclusion does not apply to:

a. **you**; or

b. any **resident relative**

while maintaining or using **your car**, a **newly acquired car**, a **temporary substitute car**, or a **trailer**;

6. WHILE THAT **INSURED** IS VALET PARKING A VEHICLE;

7. WHILE MAINTAINING OR USING A **NON-OWNED CAR** IN ANY BUSINESS OR OCCUPATION OTHER THAN A **CAR BUSINESS** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a **private passenger car**;

8. WHO IS EITHER **OCCUPYING** OR STRUCK AS A **PEDESTRIAN** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;

9. WHO IS STRUCK AS A **PEDESTRIAN** BY A VEHICLE THAT:

a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

b. RUNS ON RAILS OR CRAWLER-TREADS;

10. WHOSE **BODILY INJURY** RESULTS FROM WAR OF ANY KIND;

11. WHOSE **BODILY INJURY** RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF, RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

12. WHOSE **BODILY INJURY** RESULTS FROM THE DISCHARGE OF A FIREARM;

13. WHOSE **BODILY INJURY** RESULTS FROM EXPOSURE TO **FUNGI**; OR

14. WHO IS **OCCUPYING** A VEHICLE WHILE IT IS:

a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An **insured** shall not recover for the same **medical expenses** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.

2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to **you** or any **resident relative** by one or more of the **State Farm Companies** apply to the same **bodily injury**, then:

a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.

3. The Medical Payments Coverage provided by this policy applies as primary coverage for an **insured** who sustains **bodily injury** while **occupying your car** or a **trailer** attached to it.

a. If:

(1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

then **we** will pay the proportion of **medical expenses** and funeral expenses payable as primary that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

11
9836A

SF-00828

b. If:

    (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

    (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of *medical expenses* and funeral expenses payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in item 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in item 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

  a. If:

    (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

    (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of *medical expenses* and funeral expenses payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

  b. If:

    (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

    (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of *medical expenses* and funeral expenses payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in item 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*;

4. A *person* authorized by law to receive such payment; or

5. Any *person* or organization that provides the *medical services* or funeral services.

SF-00829

# UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "Symbols" on the Declarations Page.

## Additional Definitions

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

    a. *your car*;

    b. a *newly acquired car*; or

    c. a *temporary substitute car*.

    Such vehicle must be used within the scope of *your* consent. Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in items 1., 2., or 3. above.

*Uninsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is:

    a. not insured or bonded for bodily injury liability at the time of the accident; or

    b. insured or bonded for bodily injury liability at the time of the accident; but

        (1) the limits are less than required by the financial responsibility act of Oklahoma;

        (2) the insuring company:

            (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or

            (b) is or becomes insolvent; or

        (3) the bodily injury liability limits are less than the amount of the claim of the *person* or *persons* making claim; or

2. the owner and driver of which remain unknown and which is the proximate cause of the *bodily injury* to the *insured*.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1. *owned by*, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;

2. designed for use primarily off public roads except while on public roads; or

3. while located for use as a dwelling or other premises.

## Insuring Agreement

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

## Consent to Settlement

1. The *insured* must give *us* written notice of any tentative agreement to settle the *bodily injury* claim for the liability limits reached with or on behalf of the owner or driver of the *uninsured motor vehicle*. The written notice must:

    a. be sent to *us* by certified mail; and

    b. include:

        (1) copies of all medical bills;

        (2) written authorization or a court order to obtain reports from all employers and medical providers;

        (3) any other available written documentation of pecuniary losses incurred.

2. If *we*:

    a. consent in writing to the tentative settlement, or if *we* fail to pay the *insured* the amount of the tentative settlement within sixty days, then the *insured* may accept such settlement offer; or

    b. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

        (1) *we* will substitute *our* payment to the *insured* within sixty days in an amount equal to the tentative settlement amount. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and

13
9836A

SF-00830

(2) *we* are entitled to the *insured's* right of recovery to the extent of *our* substitute payment and any settlement payment under the Uninsured Motor Vehicle Coverage of this policy.

**Deciding Fault and Amount**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

   (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

   (2) If the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

   (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

      (a) *us*;

      (b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

      (c) any other party or parties who may be legally liable for the *insured's* damages;

   (2) consent to a jury trial if requested by *us*;

   (3) agree that *we* may contest the issues of liability and the amount of damages; and

   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under

"Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.

These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

a. *insureds*;

b. claims made; or

c. vehicles involved in the accident.

2. The most *we* will pay will be the lesser of:

a. the amount by which the *insured's* damages for *bodily injury* exceed the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

b. the limits of this coverage.

**Nonduplication**

*We* will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the *insured*:

a. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

b. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*;

2. that:

a. have already been paid;

b. could have been paid; or

c. could be paid

to or for the *insured* under any workers' compensation law, disability benefits law, or similar law;

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance. This does not apply to payments made to or on behalf of *you* or any relative of *you* who resides with *you*; and

14
9836A

SF-00831

4. that have already been paid under any other uninsured motor vehicle coverage.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE:

    a. *OWNED BY*;

    b. FURNISHED FOR THE REGULAR USE OF; OR

    c. AVAILABLE FOR THE REGULAR USE OF

    *YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT INSURED BY A MOTOR VEHICLE INSURANCE POLICY;

3. TO THE EXTENT IT BENEFITS:

    a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

    b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

    c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

4. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

5. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

    If uninsured motor vehicle coverage is provided on a primary basis by one or more other sources, then *we* will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies as primary coverage.

2. Except as provided in item 1. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

    If uninsured motor vehicle coverage is provided on an excess basis by one or more other sources, then *we* will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies as excess coverage.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "Symbols" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page.

The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

    a. being driven by an *insured*; or

15
9836A

SF-00832

b. in the custody of an *insured* if at the time of the *loss* it is:

   (1) not being driven; or

   (2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*; and

6. a *non-owned trailer* and a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

*Daily rental charge* means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

*Insured* means *you* and *resident relatives*.

*Loss* means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a *covered vehicle*. *Loss* does not include any reduction in the value of any *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

*Loss Caused By Collision* means a *loss* caused by:

1. a *covered vehicle* hitting or being hit by another vehicle or other object; or

2. the overturning of a *covered vehicle*.

Any *loss* caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a *Loss Caused By Collision*.

*Non-Owned Camper* means a camper designed to be mounted on a pickup truck that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* residing in the same household as an *insured*; or

   c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

*Non-Owned Trailer* means a *trailer* that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* residing in the same household as an *insured*; or

   c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

**Insuring Agreements**

1. **Comprehensive Coverage**

   a. *We* will pay for *loss*, except *loss caused by collision*, to a *covered vehicle*.

   b. If *your car* or a *newly acquired car* is stolen, then *we* will pay transportation expenses incurred by an *insured*. These transportation expenses must be incurred during a period that:

      (1) starts on the date *you* report the theft to *us*; and

      (2) ends on the earlier of:

         (a) the date the vehicle is recovered; or

         (b) the date *we* offer to pay *you* for the theft if the vehicle has not yet been recovered.

   These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

2. **Collision Coverage**

   *We* will pay for *loss caused by collision* to a *covered vehicle*.

3. **Emergency Road Service Coverage**

   *We* will pay the fair cost incurred by an *insured* for:

   a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

   b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

   c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

   d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

SF-00833

e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

    **a. Car Rental Expense**

      *We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

      (1) not drivable; or

      (2) being repaired

      as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

      *We* will pay the *daily rental charge* incurred during a period that:

      (1) starts on the date:

        (a) the vehicle is not drivable as a result of the *loss*; or

        (b) the vehicle is left at a repair facility if the vehicle is drivable; and

      (2) ends on the earliest of:

        (a) the date the vehicle has been repaired or replaced;

        (b) the date *we* offer to pay *you* for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

        (c) five days after *we* offer to pay *you* for the *loss* if the vehicle is:

          (i) a total loss as determined by *us*; or

          (ii) stolen and not recovered.

      The amount of any such *daily rental charge* incurred by *you* must be reported to *us* before *we* will pay such amount.

    **b. Travel Expenses**

      *We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

      (1) an *insured* during the period that:

        (a) starts after the *loss* occurs; and

        (b) ends on the earlier of:

          (i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

          (ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

      (2) *you,* or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

      These expenses must be reported to *us* before *we* will pay such incurred expenses.

    **c. Rental Car – Repayment of Deductible Expense**

      *We* will pay the comprehensive deductible or collision deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the *covered vehicle* sustains *loss* for which *we* make a payment under Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

    a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

    b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable.

2. store the *covered vehicle*, if it is not drivable immediately after the *loss*, at:

    a. any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*; and

17

9836A

SF-00834

b. any one repair facility chosen by the owner of the *covered vehicle*, and *we* determine such vehicle is a total loss.

If the owner of the *covered vehicle* consents, then *we* may move the *covered vehicle* at *our* expense to reduce storage costs. If the owner of the *covered vehicle* does not consent, then *we* will pay only the storage costs that would have resulted if *we* had moved the damaged *covered vehicle*; and

3. clean up debris from the *covered vehicle* at the location of the *loss*. The most *we* will pay to clean up the debris is $250 for any one *loss*.

**Limits and Loss Settlement − Comprehensive Coverage and Collision Coverage**

1. *We* have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:

    a. Pay the cost to repair the *covered vehicle* minus any applicable deductible.

    (1) *We* have the right to choose one of the following to determine the cost to repair the *covered vehicle*:

    (a) The cost agreed to by both the owner of the *covered vehicle* and *us*;

    (b) A bid or repair estimate approved by *us*; or

    (c) A repair estimate that is written based upon or adjusted to:

    (i) the prevailing competitive price;

    (ii) the lower of paintless dent repair pricing established by an agreement *we* have with a third party or the paintless dent repair price that is competitive in the market; or

    (iii) a combination of items (i) and (ii) above.

    The prevailing competitive price means prices charged by a majority of the repair market in the area where the *covered vehicle* is to be repaired as determined by a survey made by *us*. If asked, *we* will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the *covered vehicle* to its pre-loss condition.

*You* agree with *us* that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

*You* also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the *covered vehicle* does not include any reduction in the value of the *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then *you* or the owner of the *covered vehicle* must pay for the amount of the betterment.

(4) If *you* and *we* agree, windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the *covered vehicle* minus any applicable deductible.

(1) The owner of the *covered vehicle* and *we* must agree upon the actual cash value of the *covered vehicle*. If there is disagreement as to the actual cash value of the *covered vehicle*, then the disagreement will be resolved by appraisal upon written request of the owner or *us*, using the following procedures:

    (a) The owner and *we* will each select a competent appraiser.

    (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or *we* may petition a court that has jurisdiction to select the third appraiser.

    (c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

    (d) The appraisers shall only determine the actual cash value of the *covered vehicle*. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

18
9836A

SF-00835

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the *covered vehicle* and *us*.

(f) *We* do not waive any of *our* rights by submitting to an appraisal.

(2) The damaged *covered vehicle* must be given to *us* in exchange for *our* payment, unless *we* agree that the owner may keep it. If the owner keeps the *covered vehicle*, then *our* payment will be reduced by the value of the *covered vehicle* after the *loss*.

c. Return the stolen *covered vehicle* to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most *we* will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per *loss*.

3. The most *we* will pay for *loss* to a *non-owned trailer* or a *non-owned camper* is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most *we* will pay for the *daily rental charge*. If

(1) a dollar amount is shown, then *we* will pay the *daily rental charge* up to that dollar amount;

(2) a percentage amount is shown, then *we* will pay that percentage of the *daily rental charge*.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most *we* will pay for Car Rental Expense incurred as a result of any one *loss*.

**2. Travel Expenses**

The most *we* will pay for Travel Expenses incurred by all *insureds* as a result of any one *loss* is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most *we* will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one *loss* is $500.

**Nonduplication**

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment from, or on behalf of, a party who is legally liable for the *loss* or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY *COVERED VEHICLE* THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN *INSURED*;

2. ANY *COVERED VEHICLE* WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

3. ANY *COVERED VEHICLE* WHILE IT IS USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

4. ANY *COVERED VEHICLE* DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN *INSURED*, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A *PERSON* WHO OBTAINS POSSESSION OF THE *COVERED VEHICLE* WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. *LOSS* TO *YOUR CAR* OR A *NEWLY ACQUIRED CAR* IF AN *INSURED* VOLUNTARILY RELINQUISHES POSSESSION OF THAT *CAR* TO A *PERSON* OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY *COVERED VEHICLE* TO THE EXTENT *OUR* PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR *LOSS* TO SUCH *COVERED VEHICLE*;

7. *LOSS* TO ANY *COVERED VEHICLE* DUE TO *FUNGI*. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. *WE* WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL

SF-00836

COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***.

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

  a.  NUCLEAR REACTION;

  b.  RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

  c.  THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

11. ***YOUR CAR*** WHILE SUBJECT TO ANY:

  a.  LIEN AGREEMENT;

  b.  RENTAL AGREEMENT;

  c.  LEASE AGREEMENT; OR

  d.  SALES AGREEMENT

NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY ***NON-OWNED CAR*** WHILE IT IS:

  a.  BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

  b.  USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a *private passenger car*;

13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:

  a.  FAILS OR IS DEFECTIVE; OR

  b.  IS DAMAGED AS A DIRECT RESULT OF:

    (1)  WEAR AND TEAR;

    (2)  FREEZING; OR

    (3)  MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

  OF THAT PART OR EQUIPMENT.

This exclusion does not apply if the *loss* is the result of theft of the *covered vehicle*;

14. ANY PART OR EQUIPMENT:

  a.  THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE STATE WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

  b.  THE USE OF WHICH IS NOT LEGAL IN THE STATE WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

  a.  *loss* is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

  b.  *loss caused by collision* to another part of the *covered vehicle* causes *loss* to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

  a.  DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

  b.  ***OWNED BY*** AN ***INSURED***; AND

  c.  NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

  a.  BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

SF-00837

b.  ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1.  If the same *loss* or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that *loss* or expense applies.

2.  If any of the physical damage coverages provided by this policy and one or more other policies issued to an *insured* by one or more of the *State Farm Companies* apply to the same *loss* or expense, then only one policy applies. *We* will select a policy that pays the most for the *loss* or expense.

3.  The physical damage coverages provided by this policy apply as primary coverage for a *loss* to *your car*.

    If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as primary that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4.  Except as provided in item 3. above, the physical damage coverages provided by this policy apply as excess coverage.

    If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as excess that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1.  If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in *your car*. Coverage

for the creditor's interest is only provided for a *loss* that is payable to *you*.

However, if this policy is cancelled or nonrenewed, then *we* will provide coverage for the creditor's interest until *we* notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a *loss* that would have been payable to *you* if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date *we* mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2.  If *we* pay such creditor, then *we* are entitled to the creditor's right of recovery against *you* to the extent of *our* payment. *Our* right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1.  **Comprehensive Coverage and Collision Coverage**

    a.  *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle owned by you*:

        (1) *You*;

        (2) The repairer; or

        (3) A creditor shown on the Declarations Page, to the extent of its interest.

    b.  *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle* not *owned by you*:

        (1) *You*;

        (2) The owner of such vehicle;

        (3) The repairer; or

        (4) A creditor, to the extent of its interest.

2.  **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

    *We* may, at *our* option, make payment to one or more of the following:

    a.  *You*;

    b.  The *insured* who incurred the expense; or

    c.  Any party that provided the service for which payment is owed.

SF-00838

# DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE
# AND LOSS OF EARNINGS COVERAGE

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE**

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "Symbols" on the Declarations Page.

**Additional Definition**

*Insured* means a *person* whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

*We* will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an *insured*:

1.  dies; or

2.  suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The *insured* must be *occupying* or be struck as a *pedestrian* by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days after the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most *we* will pay for any one *insured* in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES**

| If the amount shown on the Declarations Page for the *insured* is $5,000, *we* will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the *insured* is $10,000, *we* will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an *insured* who at the time of the accident was *occupying* a *private passenger car* and using a seat belt in the manner recommended by the vehicle's manufacturer.

**LOSS OF EARNINGS COVERAGE**

This policy provides Loss of Earnings Coverage if "Z" is shown under "Symbols" on the Declarations Page.

**Additional Definitions**

*Insured* means a *person* whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

*Total Disability* means the *insured's* inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

*Weekly Earnings* means 85% of all earnings for the *insured's* services before any deductions. When *weekly earnings* cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

*We* will pay the *insured* his or her loss of *weekly earnings*, which occur while the *insured* is living, due to continuous *total disability* that:

1.  is the direct result of *bodily injury* caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle

SF-00839

and not due to any other cause.  At the time of the accident, the *insured* must be *occupying* or be struck as a *pedestrian* by a land motor vehicle or any type of trailer; and

2.  starts within 20 days after the date of the accident and lasts for a period of at least 30 consecutive days.  *We* will not pay for the first seven days of the 30 day period.

**Limit**

The most *we* will pay any one *insured* is:

1.  $250 for each full workweek of *total disability*; and

2.  a pro rata portion of $250 for less than a full workweek of *total disability*.

Subject to the workweek limit, the most *we* will pay any one *insured* for all loss of *weekly earnings* due to any one accident is $15,000.

*We* will pay once every two weeks the *insured's* loss of *weekly earnings* owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN *INSURED*:

1.  WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A *CAR BUSINESS*;

2.  WHILE *OCCUPYING*, LOADING, OR UNLOADING:

    a.  AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;

    b.  A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:

        (1)  *INSURED'S* BUSINESS; OR

        (2)  COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A *CAR BUSINESS*.

        Exclusion 2.b. does not apply if the vehicle is a *private passenger car*;

    c.  A MILITARY VEHICLE; OR

    d.  A VEHICLE WHILE IT IS:

        (1)  BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING

CONTEST, OR ANY SIMILAR CONTEST; OR

        (2)  ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING;

3.  WHILE *OCCUPYING*, LOADING, UNLOADING, OR WHO IS STRUCK AS A *PEDESTRIAN* BY:

    a.  A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;

    b.  A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

    c.  A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR

4.  FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR *TOTAL DISABILITY* THAT RESULTS FROM:

    a.  WAR OF ANY KIND;

    b.  NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

    c.  THE DISCHARGE OF A FIREARM;

    d.  EXPOSURE TO *FUNGI*;

    e.  SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE *INSURED* WAS SANE OR INSANE; OR

    f.  DISEASE except pus-forming infection due to *bodily injury* sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

*We* may, at *our* option, make payment to one or more of the following:

1.  The *insured;*

2.  The *insured's* surviving spouse;

3.  A parent or guardian of the *insured,* if the *insured* is a minor or an incompetent *person*; or

4.  A *person* or organization authorized by law to receive such payment.

23
9836A

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible. The notice must give *us*:

a. *your* name;

b. the names and addresses of all *persons* involved in the accident or *loss*;

c. the hour, date, place, and facts of the accident or *loss*; and

d. the names and addresses of witnesses to the accident or *loss*.

**2. Notice to Us of Claim or Suit**

a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The *insured* must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each *insured*;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each *insured*, or any other *person* or organization making claim or seeking payment; and

c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a *loss*, *you* or the owner of the *covered vehicle* must:

a. protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

b. make a prompt report to the police when the *loss* is the result of theft;

c. allow *us* to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the *covered vehicle* at *our* expense in order to conduct such inspection or testing;

d. provide *us* all:

(1) records;

(2) receipts; and

(3) invoices

that *we* request and allow *us* to make copies; and

e. not abandon the *covered vehicle* to *us*.

**6. Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A *person* making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

24
9836A

SF-00841

(1) notify *us* of the claim and give *us* all the details about the death, injury, treatment, and other information that *we* may need as soon as reasonably possible after the injured *insured* is first examined or treated for the injury. If the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice;

(2) be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. A copy of the report will be sent to the *person* upon written request;

(3) provide written authorization for *us* to obtain:

   (a) medical bills;

   (b) medical records;

   (c) wage, salary, and employment information; and

   (d) any other information *we* deem necessary to substantiate the claim.

   If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*; and

(4) allow *us* to inspect the vehicle that the *insured occupied* in the accident;

b. Uninsured Motor Vehicle Coverage must:

(1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to *us* within 30 days; and

(2) send *us* immediately a copy of all lawsuit papers if the *insured* files a lawsuit against the party liable for the accident; and

c. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to us when that *person* has a *total disability*; and

(3) provide proof of continued *total disability* when *we* ask for it.

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

3. **Newly Owned or Newly Leased Car**

If *you* want to insure a *car* newly *owned by you* with the **State Farm Companies** after that *car* ceases to be a *newly acquired car*, then *you* must either:

a. request *we* replace the *car* currently shown on the Declarations Page of this policy with the *car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

(1) before the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *car* newly *owned by you* is delivered to *you*. The added amount due will be calculated based on that date; or

25

9836A

(2) after the *car* newly ***owned by you*** ceases to be a ***newly acquired car***, then that *car* newly ***owned by you*** will be insured by this policy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the *car* newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

*We* may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Oklahoma without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless *we* consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of *your car*, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using *your car*, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

When there are two or more named insureds each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

(1) *Your car*, or its use, including annual mileage;

(2) The ***persons*** who regularly drive *your car*, including newly licensed family members;

(3) *Your* marital status; or

(4) The location where *your car* is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to *us* when *we* ask, *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

**6. Renewal**

*We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail or deliver a nonrenewal notice or a cancellation notice as set forth in items 7. and 8. below.

SF-00843

**7. Nonrenewal**

If *we* decide not to renew this policy, then, at least 30 days before the end of the current policy period, *we* will mail or deliver a nonrenewal notice to the most recent address provided to *us* by *you* as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

*You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

**b. How and When We May Cancel**

*We* may cancel this policy by mailing or delivering a written notice to the most recent address provided to *us* by *you* as the policy address. The notice will provide the date cancellation is effective. The date cancellation is effective will be at least 10 days after the date *we* mail or deliver the cancellation notice.

The mailing of the notice will be sufficient proof of notice.

*We* will not cancel this policy before the end of the current policy period unless:

(1) *we* cancel this policy within 45 business days of taking *your* application;

(2) the premium is not paid when due; or

(3) *you*, any *resident relative*, or any other *person* who usually drives *your car* has:

(a) had his or her driver's license under suspension or revocation; or

(b) been convicted of driving without having a valid driver's license

during the 180 days immediately before the effective date of the policy or during the policy period.

**c. Return of Unearned Premium**

If *you* cancel this policy, then premium may be earned on a short rate basis. If *we* cancel this policy, then premium will be earned on a pro rata basis.

If *we* cancel this policy within 45 business days of taking *your* application, then any unearned premium will be returned to *you* within 45 business days of taking *your* application.

If *we* cancel this policy after 45 business days of taking *your* application, then *we* may return unearned premium to *you* at the time

of cancellation or within a reasonable time thereafter. Delay in the return of unearned premium does not affect the cancellation.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

a. Death Dismemberment and Loss of Sight, and Loss of Earnings Coverages are not recoverable by us;

b. Medical Payments Coverage payments made to or on behalf of *you* or any relative of *you* who resides with *you* are not recoverable by *us*;

c. Under Uninsured Motor Vehicle Coverage:

(1) *we* are subrogated to the extent:

(a) *our* payment for the *insured's bodily injury*; added to

(b) the proceeds of any settlement the *insured* recovers from any party liable for the *bodily injury*

exceed the *insured's* damages for *bodily injury*;

(2) *we* have no right to the proceeds of any settlement or judgment if:

(a) the *insured* has given *us* written notice of a tentative agreement to settle for the liability limits of the party liable for the *bodily injury* as required in the **Consent to Settlement** provision of the Uninsured Motor Vehicle Coverage of this policy; and

(b) *we* fail to substitute *our* payment to the *insured* for the tentative amount within 60 days; and

(3) if the *person* to or for whom *we* have made payment has not recovered from the party liable for the *bodily injury*, then that *person* must:

(a) keep these rights in trust for *us*;

27
9836A

SF-00844

(b) execute any legal documents *we* need; and

(c) take action through *our* representative when *we* ask.

*We* are to be repaid *our* payments, costs, and fees of collection out of any recovery; and

d. Under all other coverage provided by this policy:

(1) **Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* who has a legal right to collect from another party, then *we* will be subrogated to that right to the extent of *our* payment.

The *person* to or for whom *we* make payment must help *us* recover *our* payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents *we* may need to assert that legal right; and

(c) taking legal action through *our* representatives when *we* ask; and

(2) **Reimbursement**

If *we* make payment under this policy and the *person* to or for whom *we* make payment recovers or has recovered from another party, then that *person* must:

(a) hold in trust for *us* the proceeds of any recovery; and

(b) reimburse *us* to the extent of *our* payment.

**13. Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy.  In addition, legal action may only be brought against *us* regarding:

a. Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and *us*.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against *us* within four years immediately following the date of the accident.

c. Uninsured Motor Vehicle Coverage if the *insured* or that *insured's* legal representative:

(1) presents an Uninsured Motor Vehicle Coverage claim to *us*; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision.

Except as provided in c.(2) above, no other legal action may be brought against *us* relating to Uninsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to this coverage until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

d. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss.*

**14. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

SF-00845